UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14028-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMUEL JAVIER SALGADO,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on November 8, 2021. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. The Defendant also signed a Consent to Appear by Video or Audio Teleconference Form which will be filed in the record in this case. (DE 28). Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2.  I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.  I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.  There is a written Plea Agreement which has been entered into by the parties in this case. (DE 26). I reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to Counts One and Two of the Information,[1] which counts charge him with dealing in firearms without a license in violation of Title 18, United States Code, Section 922(a)(1)(A) (Count One) and false statement in required information kept by a firearms dealer in violation of Title 18, United States Code, Section 924(a)(1)(A) (Count Two).

---

[1] The Plea Agreement incorrectly suggests in Paragraph 1 that Defendant was charged by Indictment. The parties agreed on the record that the reference to Indictment is in error. Defendant was charged by Information and pleads guilty to Counts One and Two of the Information filed in this case.

5. I reviewed with the Defendant the statutory maximum penalties applicable to Counts One and Two of the Information. The Defendant acknowledged that he understood the statutory maximum penalties that apply in his case.

6. The parties agree in the Plea Agreement to make certain recommendations to the District Court regarding the sentence to be imposed in this case. I explained to the Defendant that, although the parties may agree to make these recommendations, they are not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

7. The Plea Agreement contains a forfeiture provision, which was reviewed with the Defendant. The Defendant acknowledged that he is voluntarily abandoning to law enforcement all right, title, and interest in the property described in the Plea Agreement.

8. The Plea Agreement contains an appeal waiver in which Defendant waives his right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to Defendant. Defendant acknowledged that he understands the appeal waiver, has discussed it with his attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal except under the limited circumstances described therein. As a result, I recommend to the District Court that Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

9. The parties submitted a written Factual Proffer which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. (DE 27). The Defendant acknowledged that he signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that the Factual Proffer is true and correct,

and accurately sets forth the facts in his case as he understands them to be. The Factual Proffer was not read into the record (by the Parties' agreement) but will be filed in the record in this case. I have reviewed the Factual Proffer in its entirety and find that it sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

10. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Counts One and Two of the Information freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Counts One and Two as charged in the Information.

11. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant's plea of guilty to Counts One and Two of the Information be accepted; that the Defendant be adjudicated guilty of the offenses to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 8th day of November, 2021.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE